UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY L. SMITH,

                Plaintiff,

v.

ALEC RUSH, BADFISH PRODUCTIONS, LLC.,

                Defendants.

No. C04-2280Z

MINUTE ORDER

      The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

      (1)     The Court DENIES Plaintiff's Motion for Reconsideration, docket no. 35. "Motions for reconsideration are disfavored." Local Rule CR 7(h). Plaintiff has failed to show "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." See id.

      In his motion for reconsideration, Mr. Smith argues that "what a photographer would have charged to license copyrighted photographs" is admissible evidence in a suit for infringement, relying upon Fournier v. Erickson, 242 F.Supp.2d 318, 336-37 (S.D.N.Y. 2003). Fournier admitted this type of evidence despite defendants' objection that it was "too unreliably self-serving and speculative to be material to the question of actual damages." Id. at 336. Fournier noted that "the amount of damages may not be based on undue speculation," but went on to state that "speculation can be minimized by evidence of sales figures for [the copyright owner's] past work" and "evidence from the negotiations indicating what the parties considered a reasonable charge." Id. at 337. Fournier noted that the jury would be instructed that the copyright owner's "assertions about what he would have charged are not determinative of actual damages but, rather, one of various pieces of evidence informing that determination." Id.

      In the present case, the only evidence in support of Mr. Smith's "actual damages" is his declaration statement that he would charge $100 per month per photograph as a license

MINUTE ORDER   1–

fee. Thus, Mr. Smith is asking the Court to consider this self-serving evidence as determinative of his actual damages. <u>Fournier</u> would not have allowed such evidence to be admitted in the absence of other evidence of actual damages. Furthermore, the Ninth Circuit has defined "actual damages" as "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." <u>Mackie v. Rieser</u>, 296 F.3d 909, 917 (9th Cir. 2002). This "market value" test is "an objective, not a subjective, analysis" of damages. <u>Id.</u> "A hypothetical lost license fee" may be awarded, "provided the amount is not based on undue speculation." <u>Polar Bear Prods., Inc. v. Timex Corp.</u>, 384 F.3d 700, 709 (9th Cir. 2004) (en banc) (hypothetical fee supported by expert witness testimony from a certified public accountant as to fair market value). The Court concludes that Mr. Smith's suggested hypothetical lost license fee is based on undue speculation.

    (2)    The Clerk is directed to send a copy of this Minute Order and of the docket sheet in this case to Plaintiff.

Filed and entered this 7th day of April, 2006.

BRUCE RIFKIN, Clerk

By  s/ Casey Condon
    Casey Condon
    Deputy Clerk

MINUTE ORDER 2–